IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-576-FL

| | |
|---|---|
| HERBERT CLARK, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE ARMY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion (DE 12) to dismiss for failure to state a claim, based upon res judicata and time bar. The motion has been fully briefed, and plaintiff has moved for hearing (DE 20). In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

### STATEMENT OF THE CASE

Plaintiff commenced this action on November 17, 2017, by motion for leave to proceed in forma pauperis, which the court granted December 6, 2017. In his complaint, plaintiff asserts three claims under the Privacy Act, 5 U.S.C. § 552a, based upon defendant's alleged improper collection, dissemination, and maintenance of "information concerning Plaintiff's alleged 2009/2010 demotion and alleged November 2010 - January 2011 time lost" and "absence" while serving in the Army. (Compl. ¶¶ 97, 102, 107). Plaintiff seeks declaratory relief, referral of responsible Army officials for prosecution, and actual damages.

Defendant filed the instant motion to dismiss on April 23, 2018, asserting the plaintiff's claims must be dismissed due to res judicata and statute of limitations. As a basis for its res judicata defense, defendant points to a prior lawsuit by plaintiff in this court against the Secretary of the Army, which resulted in summary judgment in favor of defendant: Clark v. Murphy, No. 5:14-CV-565-FL, 2016 WL 3102016 (E.D.N.C. June 2, 2016) ("Clark I").

Plaintiff filed a memorandum in opposition to the motion to dismiss, and defendant replied. Plaintiff filed the instant motion for hearing on May 30, 2018.

## COURT'S DISCUSSION

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

To determine whether a prior judgment bars a claim in a later action on the basis of res judicata, the court considers whether:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the

parties are identical, or in privity, in the two actions; and, 3) the claims in the second
matter are based upon the same cause of action involved in the earlier proceeding.

In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996). The first two elements are not disputed here, where Clark I involved the same parties and resulted in a final judgment on the merits. Plaintiff, however, disputes the third element.

With respect to the third element, "claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." Id. at 1316 (internal citations omitted). In addition, "[f]or purposes of res judicata, it is not necessary to ask if the plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." Id. (quotations omitted). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979).

Plaintiff's claims in the instant action are barred by res judicata because they arise out of the same series of transactions and core of operative facts as Clark I. There, plaintiff asserted, and the court adjudicated, claims arising out of records of plaintiff's service in the Army, summarized by the court as follows:

> First, plaintiff contends that the Board [for Correction of Military Records] erred in determining that the record properly supported imposition of demotion and prevention of promotion during a time period in 2009 and 2010. Second, plaintiff suggests that the Board erred in examining a period of "lost time" for being AWOL from November 18, 2010, to January 30, 2011. Third, plaintiff suggests that the Board erred in determining that plaintiff was not entitled to promotion.

Clark I, 2016 WL 3102016, at *4. Plaintiff's allegations in the instant matter reiterate alleged inaccuracies in such records. (See, e.g., id. ¶¶ 6-92). As noted above, plaintiff asserts in the instant

3

action that defendant improperly collected, disseminated, and maintained "information concerning Plaintiff's alleged 2009/2010 demotion and alleged November 2010 - January 2011 time lost" and "absence" while serving in the Army. (Compl. ¶¶ 97, 102, 107).

Plaintiff argues that his claim in the instant matter was "nonexistent" at the time of Clark I, because it concerns, in part, the record of plaintiff's honorable discharge in January 2015, with a discharge form showing no breaks in service between 2012 and 2015. (Pl's Resp. (DE 17) at 4). A claim based upon plaintiff's January 2015 discharge, however, was available at the time of Clark I. Indeed, in Clark I, the court granted plaintiff's motion filed on March 29, 2016, to amend his complaint, and the court addressed plaintiff's January 2015 discharge in its summary judgment order entered on June 2, 2016. See Clark I, 2016 WL 3102016 *3, 7.

Plaintiff also argues that his instant claims are not barred because defendant submitted to the court in Clark I false, inaccurate, and incomplete information about plaintiff's discharge and other "lost time related evidence." (Pl's Resp. (DE 17) at 4; Pl's Mot. for Hrg. (DE 20) at 3). Plaintiff, however, had the opportunity in Clark I to make those same allegations and arguments. In fact, plaintiff did so in moving to amend his complaint in motion filed March 29, 2016. In particular, plaintiff asserted then that: 1) defendant had submitted fabricated documents to the court on March 1, 2016, and that "[d]efendant's own evidence directly contradicts his other evidence," (see, e.g., Clark I, 5:14-CV-565-FL, Pl's Mem. (DE 51) at 5); 2) defendant's response to plaintiff's motion for summary judgment contained "known false allegations" about "lost time" and "time lost," (id. at 6); 3) in submitting affidavits in conjunction with summary judgment, defendant "willfully provided the Court documentation that constitutes frauds against the United States" (id. at 8). In addition, the

4

court expressly incorporated such arguments into its discussion of the merits of plaintiff's claim in its summary judgment order. Clark I, 2016 WL 3102016 *3.

In sum, plaintiff had a full and fair opportunity in Clark I to litigate all the claims that he has regarding defendant's handling of plaintiff's Army records. Res judicata bars litigation of such claims in the instant action. Therefore, the instant action must be dismissed with prejudice on the basis of res judicata.

**CONCLUSION**

Based on the foregoing, defendant's motion (DE 12) to dismiss is GRANTED. Plaintiff's motion (DE 20) for hearing is DENIED. The court dispenses with hearing because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process. This action is DISMISSED WITH PREJUDICE on the basis of res judicata.

SO ORDERED, this the 2nd day of January, 2019.

                                                LOUISE W. FLANAGAN
                                                United States District Judge